IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cr-30060-DWD |
| | ) |
| REGINALD PIERRE BEASLEY, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING THE EARLY TERMINATION OF SUPERVISED RELEASE

**DUGAN, District Judge:**

Before the Court is Defendant's *pro se* Motion for the Early Termination of Supervised Release. (Doc. 36). For the reasons explained below, the Motion is **DENIED**.

On June 6, 1995, Defendant was convicted in the District of Minnesota of conspiracy to commit bank robbery under 18 U.S.C. §§ 371 and 2113(a) and (d) (Count I), armed bank robbery under 18 U.S.C. § 2113(a) and (d)(2) (Counts II & V), using a firearm in a crime of violence under 18 U.S.C. § 924(c)(1) and (2) (Counts III, IV, VI, VII), and possession of an illegal firearm under 26 U.S.C. §§ 5841, 5845(a)(2), and 5861(d) (Count VIII). (Sealed Docs. 2-1; 2-2, pg. 1). Defendant was sentenced to a total term of imprisonment of 447 months and 5 years of supervised release. (Sealed Doc. 2-2, pgs. 2-3). That sentence was reduced pursuant to a Motion for Compassionate Release. (Doc. 38, pg. 1). On May 3, 2021, jurisdiction was transferred to this Court. (Doc. 1).

On March 9, 2022, a Petition for the Revocation of Supervised Release was filed against Defendant, alleging he committed aggravated unlawful use of a weapon-

1

subsequent, unlawful possession of a firearm by a felon, possession of a stolen firearm, and possession of a firearm or destructive device. (Doc. 11, pgs. 1-2). On October 5, 2022, the Court found Defendant had not met and complied with the conditions of supervised release. (Docs. 29, pg. 1; 34). Defendant was adjudged guilty, and the previously imposed supervised release was revoked. (Docs. 29, pg. 1; 34). Defendant was sentenced to a term of imprisonment of 6 months, to run consecutive to any term of imprisonment imposed in the Circuit Court of St. Clair County, Illinois, in Case Nos. 22-CF-31701 and 22-CF-31702, as well as 48 months of supervised release. (Docs. 29, pg. 2; 34, pg. 2).

The Government indicates Defendant was released from the custody of the Bureau of Prisons on January 13, 2023. (Doc. 38, pg. 2). As of the date of his Motion for the Early Termination of Supervised Release, Defendant served 25 months of supervised release.

In that Motion for the Early Termination of Supervised Release, Defendant states:

I have served over 314 months in federal prison for my first offense. I have been employed the entire time of my release. 2021 of May, I began working as a violence interrupter for Cure Violence and received my V.I.R.T. (Violence Interruption Reduction Training) certification in 2022.

2023, I worked as a deckhand for Bunge SCF and was promoted to Drafter. I voluntarily mentored at the St. Clair County Juvenile Detention Center in 2023 and Juvenile Justice Center of St. Louis, Mo in 2024. (see: probation Monthly reports). And currently work for the Office of Violence Prevention (since January of 2024) by way of Show Me Peace as an Outreach Worker and Violence interrupter.

*Note*: During sentencing the prosecution asked for 6 months of incarceration and (1 year of supervised release) due to my work in the community. The court granted some of his request and gave me the 6 months in custody and (4 years) probation. I have completed 2yrs without any violations and ask the courts for reconsideration of the imposed term. Thank you for your time and consideration.

(Doc. 36).

In its Response, the Government takes the position that Defendant's Motion should be denied at this time. (Doc. 38, pg. 3). It notes Defendant's underlying conviction and sentence to 447 months of imprisonment "indicates he was a great danger to the community." (Doc. 38, pg. 3). And, after that conviction and sentence, the Government emphasizes that this Court revoked Defendant's supervised release for aggravated unlawful use of a weapon-subsequent, unlawful possession of a firearm by a felon, possession of a stolen firearm, and possession of a firearm or destructive device. (Doc. 38, pg. 3). As such, the Government argues these circumstances "outweigh[] the defendant's serving a little more than just half of his term of supervised release." (Doc. 38, pg. 3).

The United States Probation Office, for its part, states as follows:

Mr. Beasley is currently on his second term of supervised release after being revoked on October 5, 2022, for the violations of Aggravated Unlawful Use of a Weapon, Unlawful Poss. of a Firearm by a Felon, and Poss. of a Stolen Firearm on March 6, 2022. USPO Hoepker previously revoked Mr. Beasley. The case for these offenses was disposed of on May 16, 2023, and he was ordered to two years of probation with the State which will continue until May of this year.

His second term of TSR commenced on January 13, 2023. All drug tests have been negative. He is claiming employment with Show Me Peace. I spoke to his employer back on June 12, 2024, to confirm his employment, but Mr. Beasley has not consistently verified this employment since that time.

He was served with a subpoena to court in St. Clair County for an order of protection back in March 2024, however details of that order are still hazy at best, and nothing ever came of it. He claims it was the result of him and his family trying to get grandparents rights for his grandson, after his son passed away and the mother is not willing to let him see his grandson. According to St. Clair County the OP was never fully granted as the petitioner never showed up to court.

> Beyond that he has been in compliance for the duration of this current term of TSR. I have no position one way or the other regarding Mr. Beasley's motion and leave it to the AUSA.

(Doc. 38, pg. 3).

Now, Defendant's Motion is governed by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),    and (a)(7)… terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

Here, Defendant has completed more than a year of supervised release. *See id*. However, the Court agrees with the Government that a termination of Defendant's supervised release is not warranted at this time. The nature and circumstances of the offenses at issue, coupled with the history and characteristics of Defendant, do not support a termination of supervised release. *See* 18 U.S.C. § 3553(a)(1). Further, continuing Defendant's supervised release affords adequate deterrence to his criminal conduct and protects the public from further crimes, especially in view of the prior revocation of supervised release by this Court on October 5, 2022. *See id*. at § 3553(a)(2)(B) and (C). Defendant's supervised release will also allow him to continue engaging in community involvement, which is admirable, and to remain meaningfully employed. *See id*. at § 3553(a)(2)(D). In this regard, though, it must be noted that Defendant "has not consistently verified this employment." (Doc. 38, pg. 3). In light of these factors, and the

4

other factors listed in § 3583(e)(1), the Court is not satisfied based on the conduct of Defendant and the interest of justice that a termination of supervised release is appropriate. *See* § 3583(e)(1). Accordingly, the Court declines to order that relief at this time. Defendant's Motion for the Early Termination of Supervised Release is **DENIED**. Finally, since the Court is not modifying Defendant's supervised release, no hearing is necessary under Federal Rule of Criminal Procedure 32.1(c). *See* Fed. R. Crim. P. 32.1(c).

**SO ORDERED.**

Dated: March 11, 2025

_____
DAVID W. DUGAN
United States District Judge